IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE LITTLES,** | ) | **CASE NO. 4:17CV461** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE CHRISTOPHER BOYKO** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **UNITED STATES OF AMERICA,** | ) | **JONATHAN D. GREENBERG** |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the undersigned pursuant to Local Rule 72.2. Before the Court is the Petition of Terrance Littles ("Littles" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Littles is currently being held in custody at the Federal Correctional Complex- Low in Petersburg, Virginia.[1] For the following reasons, the undersigned recommends the Petition be DISMISSED.

---

[1] At the time he filed his Petition, Littles was being held in custody at the Federal Correctional Institution – Elkton in Lisbon, Ohio. In December 2017, Littles advised the Court that he had been transferred to FCC Low in Petersburg, Virginia. (Doc. No. 8.) Although not addressed by the parties, the Court finds Littles' transfer does not deprive this Court of jurisdiction over the instant Petition. A habeas court's jurisdiction is determined at the time the petition is filed in federal court. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Moreover, the Sixth Circuit has found that "a district court's jurisdiction is generally not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending." *White v. Lamanna*, 2002 WL 857739 at * 1 (6th Cir. 2002). *See also Childress v. Coakley*, 2015 WL 4986768 at * 4 (N.D. Ohio Aug. 19, 2015) ("A petitioner's post-filing transfer to a facility outside the district in which the petition was filed does not destroy personal jurisdiction."); *Reyes v. Pugh*, 2015 WL 4644977 at * 4 (N.D. Ohio Aug. 4, 2015) (same); *Banks v. U.S. Marshal*, 2013 WL 3458301 at * 2 (N.D. Ohio July 9, 2013) ("a petitioner's post-filing transfer does not defeat jurisdiction"). Because Littles filed his §2241 Petition while he was incarcerated in this District, the Court retains jurisdiction over the Petition despite the fact he was subsequently transferred to a federal correctional institution in Virginia.

**I. Background**

On August 16, 2007, a federal Grand Jury charged Littles with (1) two counts of knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts I and II); (2) one count of knowingly possessing a firearm while being a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count III);[2] and (3) one count of knowingly and intentionally possessing marijuana in violation of 21 U.S.C. § 844(a). *See United States v. Littles*, Case No. 2:07CR106 (N.D. Ind.) (Doc. No. 7.) Littles pled not guilty. (*Id*. at Doc. No. 10.)

On September 14, 2007, and as amended on October 8, 2007, the United States filed a Notice of Intention to Seek Armed Career Criminal Sentencing Enhancement, in which it indicated that "upon successful prosecution of the captioned defendant on Count Three of the Indictment under Title 18, United States Code, Section 922(g) , the government intends to seek an enhanced sentence of incarceration pursuant to Title 18, United States Code, Section 924(e)." (*Id*. at Doc. Nos. 12, 15.) The previous qualifying convictions that formed the basis of the United States' Notice were identified as follows: "1) Burglary in 1984 in the name of Terrance

---

[2] The underlying offenses relating to Count III included seven separate offenses: (1) a 1995 robbery conviction in the Circuit Court of Cook County, Illinois, in Case No. 94CR18098; (2) a 1995 aggravated burglary conviction in the Circuit Court of Cook County, Illinois, in Case No. 94CR18098; (3) a 1992 burglary conviction in the Circuit Court of Cook County, Illinois, in Case No. 91CR25616; (4) a 1992 delivery of a controlled substance conviction in the Circuit Court of Cook County, Illinois, in Case No. 91CR25163; (5) a 1992 burglary conviction in the Circuit Court of Cook County, Illinois, in Case No. 91CR24065; (6) a distribution of a look a like substance conviction in the Circuit Court of Cook County, Illinois, in Case No. 89CR7015; and (7) a 1984 burglary conviction in the Superior Court of Lake County, Indiana, in Case No. 3CR-177-984-690.

L. Little in the Superior Court of Lake County, Indiana, in Cause Number 3CR-177-984-690; 2) Robbery and Aggravated Battery in 1995 in the name of Terrance Little in the Circuit Court of Cook County, Illinois, in Cause Number 94-CR-18098; and 3) Burglary in 1992 in the name of Leon Littles in the Circuit Court of Cook County, Illinois, in Cause Number 91-CR-25616." (*Id.* at Doc. No. 15.)

On November 20, 2007, Littles was charged in a Superseding Indictment with the following six counts: (1) two counts of knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts I and II); (2) one count of knowingly possessing a firearm while being a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count III);[3] (3) one count of knowingly and intentionally possessing marijuana in violation of 21 U.S.C. § 844(a) (Count IV); (4) one count of knowingly possessing a firearm in furtherance of a federal drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count V); and (5) one count of knowingly possessing ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count VI). (*Id.* at Doc. No. 17.)

Littles thereafter pled guilty to Count III of the indictment pursuant to a written plea agreement. (*Id.* at Doc. No. 32.) In relevant part, the plea agreement provided as follows:

    7.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office, as follows:

           a.    I will plead guilty to Count 3 of the Superseding Indictment charging me with being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and

---

[3] The underlying offenses relating to Count III included the same seven offenses set forth in the previous indictment.

3

    924(e)(1) because I am, in fact, guilty of the offense charged in Count 3;

 b. I understand and agree that I have three previous convictions for a violent felony committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e), and as a result I understand that the statutory mandatory minimum possible penalty that may be imposed upon me for my conviction for Count 3 of the Superseding Indictment is a term of incarceration of not less than fifteen (15) years, and that the mandatory possible penalty that may be imposed is a term of incarceration of life, a fine not to exceed $250,000, or a combination of both, and the Court may impose a term of supervised release of not more than five (5) years; plus a special assessment of $100.00 in addition to any other penalty imposed;

 * * *

 f. I understand that the law gives a convicted person the right to appeal the conviction and sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(*Id*. at Doc. No. 32 at 3-4.)  Littles further "declare[d] that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement."  (*Id*. at Doc. No. 32 at 6.)  In addition, the United States agreed to dismiss the remaining counts of the Superseding Indictment at the time

of sentencing. (*Id*. at Doc. No. 32 at 4.)

A Change of Plea Hearing was conducted on June 6, 2008 before District Judge James T. Moody of the United States District Court for the Northern District of Indiana. (*Id*. at Doc. No. 48.) During the hearing, Judge Moody engaged in a lengthy colloquy with Littles regarding the plea agreement. Littles testified he understood the terms and conditions of the plea agreement and wanted to plead guilty as set forth therein because he was "guilty as charged." (*Id*. at Doc. No. 48 at 8.) He stated he had discussed the plea agreement with counsel, and fully understood the range of possible penalties. (*Id*. at Doc. No. 48 at 7, 10.) Littles also testified that he understood that, by signing the plea agreement, he was agreeing to waive his right to appeal or to collaterally attack his conviction and sentence. (*Id*. at Doc. No. 48 at 14-16, 21.) Littles then pled guilty. (*Id*. at Doc. No. 48 at 30.) Judge Moody found Littles was "fully competent and capable of entering an informed plea, that the defendant is aware of the nature and of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis and fact containing each of the essential elements of the offense." (*Id*. at Doc. No. 48 at 30-31.) The Court accepted Littles' guilty plea. (*Id*.)

A sentencing hearing was conducted on September 17, 2008. (*Id.* at Doc. No. 49.) At the outset, Judge Moody noted Littles had been convicted of three prior felonies that qualified him as a career criminal under the Armed Career Criminal Act. (*Id*. at Doc. No. 49 at 3-4.) Due to Littles' prior criminal history, Judge Moody determined the total offense level was 31, the Criminal History Category was VI, and the imprisonment range was 188 months to 235 months. (*Id*. at Doc. No. 49 at 7.) Judge Moody accepted the plea agreement entered into between Littles

and the United States and sentenced him to 180 months imprisonment[4] and three years supervised release. (*Id*. at Doc. Nos. 49 at 10.) Littles filed a direct appeal, which was dismissed by the Seventh Circuit on May 22, 2009 on the basis of the appeal waiver in the plea agreement. (*Id*. at Doc. Nos. 56-2.)

Several years later, on November 28, 2012, Littles filed a petition for relief under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Indiana.. (*Id*. at Doc. No. 67, 71.) Therein, he requested the Court vacate, set aside and correct the sentence imposed because of alleged ineffective assistance of counsel with respect to the negotiation of, and advice to him concerning, the plea agreement. (*Id*.) On March 15, 2013, Judge Moody dismissed Little's petition as time-barred. (*Id.* at Doc. No. 71.) The Seventh Circuit dismissed Littles' appeal. (*Id*. at Doc. No. 88-1.)

In the years that followed, Littles filed multiple post-conviction motions and two additional petitions for relief under § 2255, all of which were denied.[5] *(Id.* at Doc. Nos. 86, 90,

---

[4] Littles' sentence was below the minimum guidelines range of 188 months. During the hearing, Judge Moody noted that "the Supreme Court in its decision in the case of *United States v. Booker* did modify the Federal Sentencing Act which makes the guidelines advisory and requires this Court as a sentencing court to consider not only the guideline ranges but only in light of the relevant sentencing factors in order to arrive at a reasonable and just sentence for this defendant." (*Id.* at Doc. No. 49 at 8.) Judge Moody decided to sentence Littles below the minimum guidelines range because he "suffers from a blood born virus that needs constant monitoring and medication to stabilize the virus. Thus, as a result of the defendant's serious medical condition, this Court is of the opinion that a below guideline range sentence is warranted." (*Id*. at Doc. No. 49 at 10.)

[5] Several of Littles' filings requested habeas relief on the basis of the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), and the Seventh Circuit's decision in *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016). (*Id*. at Doc. Nos. 86, 90, 96, 103.) Each of these filings were denied. (*Id*.)

91, 96, 103.)

On March 6, 2017, Littles, proceeding *pro se*, filed the instant habeas petition pursuant to 28 U.S.C. §2241. (Doc. No. 1.) Citing *United States v. Mathis*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) and *Descamps v. United States*, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), Littles argues his prior Illinois burglary conviction under 38 ILCS § 19-1 no longer qualifies as predicate offense under the Armed Career Criminal Act ("ACCA"). (*Id*. at 6-7.) Littles further asserts that, under *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), this action is properly brought under § 2241 because his remedy under § 2255 is inadequate or ineffective. (*Id*. at 5.)

The United States asserts this Court lacks jurisdiction to consider Littles' Petition because "although styled as a § 2241 petition challenging the manner or execution of his sentence, Littles' filing is in substance a challenge to the legality of his sentence under § 2255." (Doc. No. 5 at 3.) The government further argues Littles is not entitled to pursue relief under § 2241 via the savings clause set forth in § 2255(e) because he does not meet the conditions set forth in *Hill*, *supra*. (Doc. No. 11 at 6-7.) Lastly, citing *Cox v United States*, 695 Fed. Appx. 851 (6th Cir. 2017), the government asserts "Littles is procedurally barred from pursuing relief under any post-conviction motion because he voluntarily forfeited this right pursuant to his plea agreement." (*Id*. at 7-8.)

## II. Law and Analysis

### A. Statutory Framework

A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to 28 U.S.C. § 2255, whereas a petition concerning the manner or execution of a sentence is appropriate under § 2241. *See Hill*, 836 F.3d at 594. *See also*

7

*Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-756 (6th Cir. 1999). Unlike § 2241, § 2255 proscribes the filing of "second or successive motion" for relief unless a petition (1) contains newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) is based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). *See also Hill*, 836 F.3d at 594.

However, "where a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception [for second or successive petitions], the petitioner may look to the 'savings clause' of § 2255(e) for recourse." *Hill*, 836 F.3d at 594. Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, through the above savings clause, a petitioner may seek habeas relief under § 2241 if he can show that § 2255 provides an "inadequate or ineffective" means of challenging the legality of his detention. *See Hill*, 836 F.3d at 594; *Wooten,* 677 F.3d at 307; *Peterman*, 249 F.3d at 461-462.

The Sixth Circuit has made clear that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been

8

denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citing cases). *See also Hill*, 836 F.3d at 594; *Wooten*, 677 F.3d at 307. Indeed, the Sixth Circuit has noted "the circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. *See also Hill*, 836 F.3d at 594. The petitioner bears the burden to establish that the savings clause applies to his petition. *See Hill*, 836 F.3d at 594.

The Sixth Circuit has long held that, on a successive challenge to a *conviction,* a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is "actually innocent." *See Wooten*, 677 F.3d at 307; *Peterman,* 249 F.3d at 461-462; *Charles,* 180 F.3d at 757. Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law;" (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions;" (3) that is retroactive; and (4) applies to the petitioner's merits such that it is "more likely than not that no reasonable jurist would have convicted" the petitioner. *Wooten*, 677 F.3d at 308. *See also Hill*, 836 F.3d at 594-595.

Until recently, the Sixth Circuit had held that "claims involving 'actual innocence of a *sentencing enhancement* cannot be raised under § 2241." *See e.g., Jones v. Castillo*, 489 Fed. Appx. 864, 866 (6th Cir. 2012) (emphasis added). *See also Dowell v. Quintana*, 2017 U.S. App. Lexis 23409 at * 3 (6th Cir. Nov. 17, 2017). However, in *Hill, supra*, the Sixth Circuit found a petitioner may use § 2241 to challenge a sentencing enhancement if he can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial §

9

2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595, 599. The Court cautioned, however, that this exception applies to a "narrow subset" of petitions, explaining as follows:

> In authorizing a petition under § 2241, we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre- *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

**C.     Analysis**

Littles argues the instant Petition is properly brought under § 2241 because § 2255 provides an "inadequate or ineffective" means of challenging the legality of his detention. (Doc. Nos. 1, 7.) Specifically, he maintains *Mathis* and *Descamps* constitute new interpretations of statutory law that were issued after he had a meaningful opportunity to incorporate the new interpretation into his direct appeals or subsequent motions. (Doc. No. 7 at 2-3.) He further asserts these cases apply retroactively. (*Id*.) Littles claims that, pursuant to these cases and the Seventh Circuit's decision in *Haney*, *supra*, his prior drug conviction in Illinois no longer constitutes a qualifying predicate offense for purposes of the ACCA. (*Id.* at 2.) Thus, he asserts his Petition falls within the "narrow subset" of petitions identified in *Hill, supra*, arguing "it is undisputed that, if Petitioner was sentenced today, [he] could not be sentenced as an Armed Career Criminal based on his Illinois burglary conviction." (*Id*. at 3.)

The United States argues Littles is not entitled to pursue relief under § 2241 because he

10

has failed to demonstrate §2255 is inadequate or ineffective to address the legality of his sentence. (Doc. No. 5 at 6.) The government maintains that "while it is true that the Seventh Circuit has ruled his prior burglary offenses do not count as predicate offenses, his motion must fail because he cannot meet the requirements for" the § 2255(e) savings clause. (Doc. No. 11 at 3.) Specifically, the United States argues Littles' Petition does not fall within the "narrow subset" of petitions identified in *Hill*, *supra* because he was sentenced in 2008, three years after the Supreme Court's decision in *Booker*, *supra*. (*Id*. at 7.) The government further asserts Littles is barred from pursuing relief under "any post-conviction motion" because he voluntarily waived this right pursuant to his plea agreement. (*Id.* at 7-8.)

The Court finds Littles may not use § 2241 to challenge his federal sentence because he has failed to demonstrate his Petition falls within the "narrow subset" of petitions identified in *Hill, supra*. As noted above, in *Hill*, the Sixth Circuit found a prisoner may challenge a sentence enhancement in a § 2241 petition but only where (1) the prisoner was sentenced under the mandatory guidelines regime pre- *United States v. Booker, supra*; (2) the prisoner is foreclosed from filing a successive petition under § 2255; and (3) a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. *Hill,* 836 F.3d at 599-600.

Here, Littles fails to satisfy the first condition set forth in *Hill*. Specifically, Littles was sentenced in September 2008, three years after the Supreme Court issued its decision in *Booker*. Accordingly, Littles has failed to demonstrate he may bring the instant petition pursuant to § 2241. *See Pittman v. Quintana,* 2017 WL 6759113 at * 2 (6th Cir. Sept. 18, 2017) (finding petitioner "does [not] meet the narrow requirements recognized in *Hill*, because Pittman was

11

sentenced in 2012, seven years after the Supreme Court's decision in *Booker*."); *Wright v. Merlak*, 2017 WL 6805687 at * 2 (N.D. Ohio Nov. 14, 2017) (dismissing § 2241 petition challenging federal sentencing enhancement where petitioner was not sentenced pre-*Booker*); *Avery v. United States*, 2018 WL 3729069 at * 2 (N.D. Ohio Aug. 6, 2018) (same); *Hite v. Merlak*, 2017 WL 3971947 at * 1 (N.D. Ohio Sept. 7, 2017) (same).

The Court further finds Littles' Petition should be dismissed for the additional reason that Littles expressly waived his right to attack his sentence collaterally. As noted *supra*, Littles entered into a plea agreement with the United States in May 2008, in which he agreed to "expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 **or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255."** *See United States v. Littles*, Case No. 2:07CR106 (N.D. Ind.) (Doc. No. 32 at 4) (emphasis added). During the Change of Plea Hearing, Judge Moody questioned Littles about this waiver at length, as follows:

> Q: Okay. Now, as I understand it, if you receive a sentence within the mandatory minimum, statutory maximum penalties that the law provides, you've agreed with the government to waive, what I mean by that, you've agreed to give up your right to appeal or collaterally attack your conviction and sentence, is that true?
>
> A: Yes.
>
> Q: Well, you know, your right to appeal or to collaterally attack your conviction and sentence, that's a very important right. And once you waive that right,

        in other words, once you give that right up, with very few exceptions, you're stuck with the sentence you receive from this Court. Like it or not, with few exceptions, you're going to have to live with it, do you understand that?

A:     Yeah.

Q:     Okay. Did you discuss the waiving or giving up your right to appeal or to collaterally attack your conviction and sentence with your lawyer, Mr. Martin?

A:     Yes, I did.

Q:     And are you making this decision to waive or give up your right to appeal or collaterally attack your conviction and sentence voluntarily, of your own free will, without any coercion, duress, or improper influence of any kind from any source?

A:     Yes, I am.

Q:     And is that really what you want to do?

A:     I'm guilty, yes. Yes.

Q:     I'm talking about your right to appeal or to collaterally attack your conviction and sentence. Do you understand what you're doing there?

A:     Yes, I do.

Q:     And that's what you really want to do?

A:     Yes, sir.

(*Id*. at Doc. No. 48 at 14-16.)

        The Sixth Circuit has consistently held that a defendant's waiver of his right to collaterally attack his conviction and sentence is enforceable when it is entered into knowingly, intelligently, and voluntarily. *See Slusser v. United States*, 895 F. 3d 437, 439 (6th Cir. July 10, 2018)*; United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2016); *Davila v. United States,* 258 F.3d 448, 450 (6th Cir. 2001). *See also Cox*, 695 Fed. Appx. at 853; *In re Garner*, 664 Fed. Appx. 441, 442 (6th

13

Cir. Nov. 2, 2016). Indeed, "[i]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-764 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-776 (6th Cir. 1995)). *See also Cox*, 695 Fed. Appx. at 853.

Here, Littles entered into his plea agreement and expressly waived the right to "contest [his] conviction and [his] sentence imposed or the manner in which [his] conviction or [his] sentence was determined or imposed" in "*any* post-conviction proceeding, including *but not limited to*, a proceeding under Title 28, United States Code, Section 2255." *United States v. Littles*, Case No. 2:07CR106 (N.D. Ind.) (Doc. No. 32 at 4) (emphasis added). Littles only retained the right to raise a collateral attack on claims of ineffective assistance of counsel relating directly to the waiver or its negotiation, or if the sentence exceeded the statutory maximum. (*Id*.) Littles has not raised either of these arguments in the instant Petition,[6] nor does he contend that he unknowingly or involuntarily entered into the plea agreement.[7]

Instead, Littles appears to argue he is entitled to relief because he agreed to the waiver

---

[6] As noted *supra*, Littles' sentence did not exceed the statutory maximum. Indeed, Littles was sentenced below the below the minimum guidelines range of 188 months, to a sentence of 180 months. (*Id.* at Doc. No. 49 at 8-10.)

[7] In any event, this Court's independent review of Littles' Change of Plea Hearing confirms that he voluntarily and knowingly waived his right to collaterally attack his conviction and sentence. As set forth *supra*, Judge Moody expressly discussed this issue with Littles during the hearing and explained that "your right to appeal or to collaterally attack your conviction and sentence, that's a very important right. And once you waive that right, in other words, once you give that right up, with very few exceptions, you're stuck with the sentence you receive from this Court. Like it or not, with few exceptions, you're going to have to live with it, do you understand that?" (*Id*. at Doc. No. 48 at 14-16.) Littles responded "yes, sir." (*Id*.) Littles also expressly confirmed that he had discussed the waiver with counsel, he understood the meaning and consequences of the waiver, and he freely and voluntarily agreed to the waiver of his collateral rights. (*Id*.)

14

prior to the Supreme Court's decisions in *Mathis* and *Descamps*. However, the Sixth Circuit has consistently held that "waivers with plain language that precludes . . . *Mathis*-based claims are enforceable even if those waivers were entered into years before . . . *Mathis* [was] decided." *Cox*, 695 Fed. Appx. at 853. *See also Morrison*, 852 F.3d at 490; *Slusser*, 895 F.3d at 440. As the Sixth Circuit explained:

> It is well settled [ . . . ] that a change in law cannot render a plea agreement unknowing. *See Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."). This rule reflects the sound judgment that a plea agreement, like any other contract, allocates risk. *Bradley*, 400 F.3d at 464. By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse. *Id.; see also United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) ("The possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.").
>
> Accordingly, courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law, and even when the legal change affects constitutional rights.

*Morrison*, 852 F.3d at 490-491.[8] Although Littles may now regret waiving his right to collaterally attack his sentence, his "lack of clairvoyance cannot undo [that] decision." *In re Garner*, 664 Fed. Appx. at 443.

Accordingly, and for all the reasons set forth above, it is therefore recommended Littles'

---

[8] The Court acknowledges that, in *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016), the Sixth Circuit found a defendant "could not have intentionally relinquished a claim based on *Johnson* which was decided after sentencing," by "agree[ing] with a career-offender designation" in a plea agreement. However, unlike the instant case, the defendant in *McBride* did not sign a plea agreement with provisions waiving his appellate and collateral-review rights. *See In re Garner*, 664 Fed. Appx. at 443. Thus, *McBride* is distinguishable from the instant action. *See Morrison*, 852 F.3d at 491.

15

Petition be DISMISSED.

## V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date: August 21, 2018

                                               *s/ Jonathan D. Greenberg*
                                               Jonathan D. Greenberg
                                               United States Magistrate Judge

**OBJECTIONS**
Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. **28 U.S.C. § 636(b)(1). Failure to** file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).