# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE LITTLES,** | ) | **CASE NO. 4:17CV461** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Terrance Littles's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF DKT #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of both the facts and procedural history of the matter.

The Government indicted Petitioner on six counts, one of which was one count of Knowingly Possessing a Firearm While Being a Felon, a violation of 18 U.S.C. §§ 922(g)(1),

-1-

924(a)(2), and 924(e)(1) ("Count III"). The Government filed a notice that it intended to seek an enhanced sentence of incarceration if Petitioner were found guilty of Count III pursuant to 18 U.S.C. § 924(e). The underlying offenses relating to Count III included seven separate offenses: three burglaries; two drug offenses; one aggravated burglary; and one robbery.

On May 23, 2008, Petitioner pled guilty to Count III. In his Plea Agreement, Petitioner admitted that he was guilty of the offense charged in Count III. He also understood the consequences of such an admission, specifically its effect on his sentence. Further, he expressly waived his right to appeal or contest his conviction and sentence, including any right to a post-conviction proceeding under 28 U.S.C. § 2255. Finally, Petitioner entered into this plea "freely and voluntarily and of [his] own accord." *United States v. Little*, Case No. 2:07CR106 (N.D. Ind.) (ECF DKT #32, at ¶ 11). In exchange for his plea, the Government agreed to dismiss the remaining counts of the indictment at sentencing.

On June 6, 2008, the United States District Court for the Northern District of Indiana held a Change of Plea Hearing. At that time, the court spoke at length with Petitioner about the ramifications of his plea. After finding that Petitioner was fully competent, capable and aware of the consequences of his Plea Agreement, the court accepted Petitioner's guilty plea.

On September 17, 2008, the Indiana court sentenced Petitioner to a term of 180 months imprisonment. Part of the court's sentence reflected the determination that Petitioner qualified as an Armed Career Criminal based on three prior felony convictions.

On September 22, 2008, Petitioner filed a direct appeal with the Seventh Circuit. The appellate court dismissed Petitioner's appeal on May 22, 2009 on the basis of the appeal waiver in the Plea Agreement. On November 28, 2012, Petitioner filed a § 2255 Petition with the

United States District Court for the Northern District of Indiana. That court dismissed the Petition on March 15, 2013 as time-barred. The Seventh Circuit dismissed Petitioner's appeal on May 27, 2014.

Petitioner now seeks relief from his enhanced sentence under § 2241.[1] On April 6, 2017, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On August 21, 2018, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss the Petition. On September 7, 2018, Petitioner filed his Objection to the Report and Recommendation.

## **STANDARD OF REVIEW**

"A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016), citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Typically, second or successive motions under § 2255 are barred unless a petition "(1) contains newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or (2) is based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Hill*, 836 F.3d at 594; 28 U.S.C. § 2255(h).

If a petitioner cannot meet the requirements under § 2255(h) to file a successive habeas petition, he may challenge his conviction and sentence under § 2241 if he is able to establish that

---

[1]Petitioner also filed multiple post-conviction requests for relief, including two additional § 2255 petitions for relief. The Northern District of Indiana Court denied each request.

his remedy under § 2255 is inadequate or ineffective. 28 U.S.C. 2255(e); *Pittman v. Quintana*, 2017 WL 6759113 (6th Cir. Sept. 18, 2017), citing *Bannerman v. Snyder*, 325 F.3d 722, 724 (6thCir. 2003); *Peterman*, 249 F.3d at 461. The petitioner has the burden to establish that relief under § 2255 is inadequate or ineffective. *Hill*, 836 F.3d at 594. And § 2255 is not "inadequate or ineffective" merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred or a court denied permission to file a successive motion. *Id.*; *see also Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, "the circumstances in which § 2255 is inadequate [or] ineffective are narrow." *Peterman*, 249 F.3d at 461.

The Sixth Circuit authorized challenges to sentence enhancements under § 2241 in limited circumstances. A prisoner must demonstrate that "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. This exception is "narrow" and only applies to:

> "(1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement."

*Id.* at 599-600.

## **ANALYSIS**

The Magistrate Judge recommended that the Court dismiss the Petition because Petitioner has failed to demonstrate his Petition falls within the "narrow subset" of petitions identified in *Hill*. The District Court sentenced Petitioner in September of 2008, three years after the Supreme Court issued its decision in *Booker*. Accordingly, the Magistrate Judge found that

Petitioner failed to satisfy the first condition set forth in *Hill*. Petitioner does not dispute this finding in his Objection.[2]

The Court agrees with the Magistrate Judge. The limited circumstances articulated in *Hill* do not apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*Booker*. As the Magistrate Judge determined, the District Court sentenced Petitioner in September of 2008, after *Booker* was decided. Accordingly, Petitioner has failed to demonstrate he may bring his Petition under § 2241. *Love v. Terris*, 2018 WL 4095550, *3 (6th Cir. April 5, 2018); *Pittman v. Quintana*, 2017 WL 6759113, *2 (6th Cir. Sept. 18, 2017).

Since Petitioner has failed to demonstrate he is entitled to relief under the limited circumstances enunciated in *Hill*, his sole objection to the Magistrate Judge's Report and Recommendation is moot. Petitioner disagrees with the Magistrate Judges's finding that Petitioner entered into the Plea Agreement voluntarily.[3] This disagreement shifts Petitioner's argument of a sentence enhancement error to one of attorney incompetence for failure to research the applicable law concerning sentence enhancements. And Petitioner has not carried his burden in demonstrating that relief under § 2255 is either ineffective or inadequate, which would entitle

---

[2] Pursuant to Local Rule 72.3(b), the District Judge is directed to make a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which objection is made..." Loc R. N.D. Ohio 72.3(b).

[3] The Court agrees with the Magistrate Judge's finding that Petitioner entered into the Plea Agreement freely and that Petitioner knowingly and voluntarily accepted its terms. Petitioner could have changed his plea at anytime, including the time after the Indiana court rejected his motion to continue the sentencing. Petitioner did not do so and understood the consequences of his inaction.

Petitioner to move for relief under § 2241 on the ground of ineffective assistance of counsel. Accordingly, the Court does not have jurisdiction over Petitioner's objection based on ineffective assistance of counsel and his Petition is dismissed. *See* 28 U.S.C. § 2255 (a petition must be filed with the district court that imposed the sentence); *Charles*, 180 F.3d at 755-56 ("courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255").

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and **DISMISSES** Petitioner's Petition under 28 U.S.C. § 2241.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

> s/ Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**

**Dated: November 5, 2018**